597 So.2d 814 (1992)
Mario KRAJEWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0703.
District Court of Appeal of Florida, Fourth District.
April 8, 1992.
Rehearing Denied May 20, 1992.
*815 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing En Banc Denied May 20, 1992.
HERSEY, Judge.
The issue in this case is whether the defense of entrapment is available to appellant, Mario Krajewski. The facts are set out at length in our earlier opinion in which we discussed both entrapment and application of the due process clause to appellant's situation. Krajewski v. State, 587 So.2d 1175 (Fla. 4th DCA), quashed, 589 So.2d 254 (Fla. 1991).
Upon remand from the supreme court we confine our analysis to entrapment and some necessarily related legal principles.
The objective entrapment defense is explained in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). That defense is still viable. See State v. Hunter, 586 So.2d 319, 321-22 (Fla. 1991). See also State v. Evans, 597 So.2d 813, (Fla. 2d DCA 1992); Ricardo v. State, 591 So.2d 1002 (Fla. 4th DCA 1991); Strickland v. State, 588 So.2d 269 (Fla. 4th DCA 1991); Wilson v. State, 589 So.2d 1036 (Fla.2d DCA 1991).
In Cruz, the Florida Supreme Court determined that there are two coexisting tests to be applied in cases involving entrapment. The threshold test, which is objective, focuses on police conduct and whether it falls below the standards for proper use of governmental power in an entrapment situation. 465 So.2d at 520-21. The trial court decides this as a matter of law by applying a two prong test. If either prong is violated, then there is entrapment as a matter of law because of impermissible police (government) conduct, and the charges against the defendant are dismissed.
The first prong is whether the police conduct has as its goal the interruption of a specific ongoing criminal activity; this addresses the problem of police "making" crime, i.e., police seeking to prosecute crime where no such crime exists but for the police conduct originating the crime. Id. at 522.
A confidential informant's activity is interpreted as government or police activity because he or she is acting as the agent of the state. Hunter, 586 So.2d at 322.
A strict and literal interpretation of the phrase "interruption of a specific ongoing criminal activity" might inhibit or even prohibit the use of informants in situations involving first-time or occasional criminal behavior. Thus, a broader interpretation is both logical and more practical. In the present case the state's evidence, while controverted in part by the defense, supports the proposition that a crime had been planned in advance and was in the process of being executed when the CI entered the picture. This satisfies the requirement of a specific ongoing criminal activity.
The second prong of the Cruz test is whether the police utilize means reasonably tailored to apprehend only those already involved in an ongoing criminal activity. This addresses the problem of a government agent using inappropriate techniques to induce or encourage a person to engage in conduct constituting the offense where the person normally, and in the absence of such inducements, would not engage in such conduct.
*816 Applying that test to the facts of the present case, it is first observed that the testimony of the CI, Vern Phinney, was the state's primary evidence to rebut appellant's defense of entrapment. That evidence was corroborated by the testimony of appellant's codefendant, Poidomani, at trial, although he earlier gave a different version of the facts.
Phinney testified to the following: he first went to the federal authorities with his substantial assistance plan, but when they were not interested he approached the Broward Sheriff's office; his sentencing hearing was less than a month away; he was becoming anxious about his lack of success in setting up a drug deal in order to get his own prison sentence reduced; the prosecutor told him that if he did not provide substantial assistance, he would be sentenced in accordance with his conviction; and that he was "fairly upset that something might not happen."
Phinney further testified that he was totally unsupervised by the government and was working independently to set up drug deals; that he was told, in essence, to "go ahead out any time you want, meet anywhere with anyone, set up anything you want and then when you got it set up you come back and let us know."
One final factor weighing upon this inquiry is that both appellant and his codefendant, Poidomani, gave testimony at hearings held prior to the trial that the informant had pulled a gun on them when they expressed reluctance in going through with the deal.
These factors considered in isolation would tend to indicate that the informant may have used impermissible means to induce appellant, Krajewski, to become involved in a reverse sting drug deal, and thus the second prong of the Cruz test would be violated. Placed in the context of the conflicting testimony contained in this record, however, these same factors are not convincing. The codefendant, Poidomani, recanted his testimony regarding the boat purchase (given during the hearing on a motion to dismiss) when he testified at trial that he and appellant actually came down to Florida in order to buy cocaine. Poidomani later had his sentence of fifteen to thirty years reduced to seven and one-half years in exchange for this testimony.
Appellant Krajewski admitted that he did not look at any boats while he was in Florida. Phinney testified that the two men said nothing to him about buying a boat, and he denied threatening either man with a gun.
In short, there are conflicts in the evidence, and the credibility of witnesses was a key element in making a determination as to whether entrapment, as measured by the objective test, was a viable defense on the facts of this case.
It is not part of the appellate function to re-weigh the evidence or to second guess the fact-finder on credibility issues. There is sufficient evidence to support the trial court's conclusion that no entrapment occurred as measured by the objective criteria, and we find no error in that regard.
Turning briefly, then, to the second test for entrapment, we note that this is the subjective aspect of the defense and whether or not it succeeds is for the jury, not this court, to decide. Its parameters are spelled out in section 777.201(2), Florida Statutes (1989).
We affirm.
DOWNEY, J., and WALDEN, JAMES H., Senior Judge, concur.