PER CURIAM.
Marvin Jeralds was charged with and convicted of delivery and possession of cocaine. The issue raised by this appeal is entrapment. We affirm.
Three undercover agents approached Jer-alds, who was standing on a street comer, and asked if he knew “Lisa,” a known drug user. Jeralds himself was unknown to the agents at the time. When Jeralds acknowledged knowing Lisa, the agents asked him where they could find some cocaine. Jer-alds got into the unmarked police car and directed them to an apartment complex. Once there, Jeralds left the car, approached several men, and returned to the agents’ car with some crack cocaine." One of the agents handed $20 to Jeralds, who in turn handed the money to one of the drug dealers. The drug dealers immediately ran off, and only Jeralds was arrested and prosecuted.
Based on the foregoing facts and the case of State v. Hunter, 586 So.2d 319 (Fla.1991), Jeralds contends that the trial court erred by denying his motion for judgment of acquittal. In Hunter, the Florida Supreme Court reaffirmed the objective entrapment standard adopted in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). Hunter, 586 So.2d at 321-22.
The Hunter rationale supports the defense of objective entrapment except where police activity interrupts “specific ongoing criminal activity.” Id. at 322. As noted by the Hunter court, the objective entrapment standard focuses solely on police conduct, not on the subjective willingness or proclivity of the defendant to commit the crime. See id. In the instant case, the trial court found, and we agree, that a police officer asking a citizen where the police officer could find some cocaine is not the type of police activity which entitles a defendant to the defense of objective entrapment as explained in Cruz and Hunter.
AFFIRMED.
GOSHORN, C.J. and DIAMANTIS, J., concur.
COBB, J., concurs specially with opinion.