608 So.2d 830 (1992)
The STATE of Florida, Appellant,
v.
Francisco RAMOS, et al., Appellees.
No. 91-470.
District Court of Appeal of Florida, Third District.
August 11, 1992.
Rehearing Denied December 22, 1992.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellees Francisco Ramos and Jose Ramos.
Gerardo A. Remy, Jr., Miami, for appellee Diaz.
Before BASKIN, GERSTEN and GODERICH, JJ.
GODERICH, Judge.
The State of Florida appeals from the trial court's order dismissing the charges against the defendants, Lazaro Diaz [Diaz], Jose Ramos [Jose] and Francisco Ramos [Francisco]. We affirm as to Diaz, but reverse and remand for further proceedings as to Jose and Francisco.
The defendants were arrested and later charged with armed trafficking in cocaine, burglary, and unlawful possession of a firearm while engaged in a criminal offense. Thereafter, Diaz filed a motion to dismiss the charges alleging a due process violation and objective entrapment. At a later date, Francisco and Jose joined in the motion.
At the hearing on the motion to dismiss, Diaz testified that he met Salvador Xique, *831 the confidential informant, approximately one month prior to his arrest. Diaz testified that the confidential informant called him fifteen or sixteen times to tell him about a business deal in which Diaz could make a lot of money. Despite Diaz's lack of interest, the confidential informant continued to call him.
The confidential informant explained to Diaz that he would be given a key to a warehouse where he would pick something up. The confidential informant introduced Diaz to another man who would ultimately give the key to Diaz. The confidential informant supplied Diaz with firearms to use during the transaction and told Diaz to go to the warehouse with two other men. Diaz went to the warehouse with Francisco and Jose. Diaz testified that he went to the warehouse only because the confidential informant called him more than fifteen times.
Detective Garcia testified that at the request of Detective Fernandez, he met with Diaz at a cafeteria while working undercover. At that meeting, Detective Garcia informed Diaz that he was expecting a shipment of cocaine and that he would contact him when it arrived.
Detective Fernandez testified that the confidential informant was working for monetary reasons and that he had already been paid two or three hundred dollars. Detective Fernandez also testified that payment was not contingent on the confidential informant's testimony at trial or on the arrest of any individuals. Additionally, Detective Fernandez testified that the confidential informant was not performing under any substantial assistance agreement, nor were there any charges pending against the confidential informant. Detective Fernandez also explained that Detective Garcia was introduced to Diaz in order to remove the confidential informant from further negotiations.
The trial court ruled on the motion to dismiss stating that based on the due process argument, it was "reduc[ing] the charges from armed trafficking or any charges related to the use of a firearm, to unarmed." Additionally, the court stated that it was dismissing all charges based on the objective entrapment test enunciated in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985).
Later, the trial court reconsidered its prior ruling on the motion to dismiss and granted the motion to dismiss based on the due process argument. Additionally, the court found that the facts in the present case justified dismissal under the objective entrapment test, although it was not dismissing the charges on that ground.
The trial court, relying in part on State v. Glosson, 462 So.2d 1082 (Fla. 1985), entered its written order dismissing all charges based on the alleged due process violation. The State appeals from this order.
The State contends that the defendants' due process rights were not violated. We agree.
The Supreme Court of Florida in State v. Hunter, 586 So.2d 319 (Fla. 1991), "limited the holding of State v. Glosson, 462 So.2d 1082 (Fla. 1985), to cases where the confidential informant's contingent fee was conditioned on his trial testimony." Lewis v. State, 597 So.2d 842 (Fla. 3d DCA 1992). In the instant case, the trial court's order was based, in part, on its finding that the confidential informant "operated on essentially a contingent fee basis" and that the confidential informant "would have been a key witness in the case had the matter proceeded to trial." These findings, however, are not supported by the record. See State v. Navarro, 464 So.2d 137, 138 (Fla. 3d DCA 1984) (trial court's findings must be accepted by appellate court only if there is evidence to support findings); State v. Delgado-Armenta, 429 So.2d 328, 329 (Fla. 3d DCA 1983) ("trial judge's conclusions will not be overturned where there is substantial competent evidence to support it."). Detective Fernandez's uncontradicted testimony showed that the payment to the confidential informant was not conditioned on the informant's testimony at trial. Therefore, since the confidential informant's fee was not conditioned on his testimony *832 at trial, we must reject the defendants' due process argument.
The defendants also argue that the charges must be dismissed based on their objective entrapment argument.[1] We agree as to Diaz, but disagree as to Francisco and Jose.
The Supreme Court of Florida in Cruz v. State, 465 So.2d 516, 522 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), stated:
To guide the trial courts, we propound the following threshold test of an entrapment defense: Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity.
In the instant case, as to Diaz, the first prong of the Cruz test was not satisfied. The trial court found that there "was no history, information, or intelligence known to law enforcement of any involvement by these Defendants in any narcotics activities of drug `rip-offs' before the confidential informant brought the Defendants into the scheme." This finding is supported by the evidence. The confidential informant contacted Diaz fifteen or sixteen times in an attempt to convince Diaz to get involved in the drug transaction. When the confidential informant contacted Diaz, Diaz was not involved in any "specific ongoing criminal activity." In addition, the second prong of the Cruz test was not satisfied where the police used means which were not "reasonably tailored to apprehend those involved in the ongoing criminal activity." Cruz, 465 So.2d at 522. Accordingly, although we disagree with the trial court's rationale, we affirm the portion of the trial court's order dismissing the charges against Diaz.
As to Francisco and Jose, it was Diaz who induced them to commit a crime, not the confidential informant. "When a middleman, not a state agent, induces another person to engage in a crime, entrapment is not an available defense." State v. Hunter, 586 So.2d 319 (Fla. 1991); see also State v. Garcia, 528 So.2d 76 (Fla. 2d DCA), rev. denied, 536 So.2d 244 (Fla. 1988); Acosta v. State, 477 So.2d 9 (Fla. 1985). Accordingly, we reverse the portion of the trial court's order dismissing the charges against Francisco and Jose and remand for further proceedings.
Affirmed in part, reversed in part and remanded for further proceedings.
NOTES
[1] The State contends that Section 777.201, Florida Statutes (1989), has the effect of abolishing the objective entrapment test enunciated in Cruz. We disagree. See Lewis v. State, 597 So.2d 842, 844 (1992).