632 So.2d 1078 (1994)
The STATE of Florida, Appellant,
v.
Francisco RAMOS, et al., Appellees.
No. 91-470.
District Court of Appeal of Florida, Third District.
February 22, 1994.
*1079 Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellees Francisco Ramos and Jose Ramos.
Gerardo A. Remy, Jr., Miami, for appellee Diaz.
Before BASKIN, GERSTEN and GODERICH, JJ.
PER CURIAM.
This case is before us on remand for reconsideration in light of Munoz v. State, 629 So.2d 90 (Fla. 1993).[1] Once again, we affirm the trial court's order dismissing charges against Lazaro Diaz.
In Munoz, the Florida Supreme Court held that the objective entrapment test set forth in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), was eliminated by the enactment of Section 777.201, Florida Statutes (1987). The Munoz court, however, stated that the issue of entrapment may be evaluated under the subjective test established by Section 777.201.[2]
Under the subjective test, we must first determine whether "an agent of the government induced the accused to commit the offense charged." Munoz, 629 So.2d at 99. In the instant case, Diaz met his burden of proving by a preponderance of the evidence that a government agent induced him to commit the crime charged. The unrebutted evidence showed that the confidential informant contacted Diaz approximately fifteen or sixteen times in order to convince him to get involved in the drug transaction.
Since the above question was answered in the affirmative, the next inquiry is whether the defendant was "predisposed to commit the offense charged." Id. As to this issue, Diaz met his burden of establishing lack of predisposition. Thereafter, the State failed to rebut this evidence beyond a reasonable doubt. As discussed earlier, the confidential informant had to contact Diaz approximately fifteen or sixteen times in order to persuade him to commit the offense. Moreover, the trial court found that there "was no history, information, or intelligence known to law enforcement of any involvement by [Diaz] in any narcotics activities or drug `rip-offs' before the confidential informant brought [Diaz] into the scheme."
Section 777.201 provides that the issue of entrapment shall be submitted to the trier of fact. Section 777.201, Fla. Stat. (1991). However, when the factual issues above are not in dispute, "then the trial judge has the authority to rule on the issue of predisposition as a matter of law." Munoz, 629 So.2d at 100. In the instant case, the factual issues above are not in dispute; the issue of entrapment does not have to be submitted to the trier of fact. Under the circumstances of this case we find that under the subjective test, Diaz was entrapped as a matter of law.
Accordingly, we affirm the trial court's order dismissing the charges against Lazaro Diaz.
NOTES
[1] This court had previously reversed the trial court's order dismissing charges against defendants Jose Ramos and Francisco Ramos, but affirmed the trial court's order dismissing charges against defendant Lazaro Diaz. State v. Ramos, 608 So.2d 830 (Fla. 3d DCA 1992). The Florida Supreme Court quashed the portion of the opinion dismissing the charges against Lazaro Diaz and remanded for further reconsideration. State v. Ramos, 629 So.2d 103 (Fla. 1993).
[2] The Munoz court also held that the judiciary may objectively review "the issue of entrapment to the extent such a review involves the due process clause of article I, section 9, of the Florida Constitution." Munoz, 629 So.2d at 101.