799 So.2d 407 (2001)
Susan Francine DIAL, Appellant,
v.
STATE of FLORIDA, Appellee.
No. 4D00-4463.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
*408 Carey Haughwout, Public Defender, and Jennifer Brooks, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Christine D. Coughlin, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Susan Dial (appellant) appeals her conviction for sale of hydrocodone. We hold the trial court erred when it denied Dial's motion for judgment of acquittal and reverse her conviction.
At trial, appellant argued she was entrapped into selling her pain medication to an undercover officer, Scott Silverman. Barbara,[1] appellant's supervisor at McDonald's, was trying to reduce her own sentence on a criminal conviction by providing substantial assistance to the St. Lucie County Sheriff's Office. In exchange for leniency on her sentence, Barbara was arranging drug buys for Silverman. Barbara knew that appellant was taking hydrocodone prescribed for pain caused by fibromyalgia. In order to induce the appellant into selling hydrocodone, Barbara told appellant that she had a friend who was very sick and needed additional pain medication. When appellant offered to give the friend some of her medicine, Barbara insisted that her friend could pay for it and reminded appellant that she needed money.[2] Barbara set the price at $5.00 per tablet, arranged a meeting with Silverman, and led appellant to the bar where the sale took place. Barbara continued pressuring appellant at work until appellant agreed to meet with Silverman again and Barbara arranged subsequent meetings for the purchase and sale of hydrocodone. Silverman did not supervise Barbara nor did he advise her to avoid entrapping the appellant. He was never present when Barbara spoke to the appellant about any of the transactions nor did he record any such conversations. Barbara was left to her own devices as to how to provide substantial assistance to the sheriffs office.
The entrapment defense was judicially created to secure justice by precluding the government from convicting a defendant of a crime where government action instigated the defendant's conduct. See Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). As the United States Supreme Court emphasized in Jacobson v. United States, 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992):
In their zeal to enforce the law ... Government agents may not originate a criminal design, implant in an innocent person's mind the disposition to commit a criminal act, and then induce commission of the crime so that the Government may prosecute.
Id. at 548, 112 S.Ct. 1535 (citations omitted). The court further stated, "When the Government's quest for convictions leads to the apprehension of an otherwise lawabiding citizen who, if left to his own devices, likely would have never run afoul of the law, the courts should intervene." Id. at 553-54, 112 S.Ct. 1535.
Florida law recognizes both a subjective entrapment defense based on whether a defendant was predisposed to commit the offense and an objective entrapment defense based on whether police *409 conduct offends due process under Florida's constitution. See § 777.201, Fla. Stat. (2000); Munoz v. State, 629 So.2d 90 (Fla. 1993). To establish subjective entrapment, a defendant must show by a preponderance of the evidence that a government agent induced him or her to commit the offense and that the defendant was not predisposed to do so. Munoz, 629 So.2d at 99; see also Nadeau v. State, 683 So.2d 504 (Fla. 4th DCA 1995). The burden then shifts to the state to prove beyond a reasonable doubt the defendant was predisposed to commit the offense. Munoz, 629 So.2d at 99.
Unlike the subjective entrapment defense which focuses on the defendant's predisposition, the objective entrapment defense focuses on the conduct of law enforcement. Reaffirming the objective entrapment defense, the Florida Supreme Court observed, "it is a general principle of law that prohibits prosecutions brought about by methods offending one's sense of justice." Munoz, 629 So.2d at 98. Regardless of a defendant's predisposition, government conduct that violates a defendant's due process rights requires dismissal of the criminal charges. Id., approving, State v. Williams, 623 So.2d 462 (Fla. 1993), and State v. Glosson, 462 So.2d 1082 (Fla.1985). See also Soohoo v. State, 737 So.2d 1108 (Fla. 4th DCA 1999) (holding government action violated due process where a confidential informant offered to help the defendant distribute the cocaine and offered the defendant a kilo of cocaine on credit if he purchased a kilogram, the informant's dealings with the defendant were not monitored, and police did not investigate the defendant's alleged prior drug activity).
The government's actions in this case violated appellant's due process rights. The facts in this case are similar to those in Nadeau, Soohoo, State v. Anders, 596 So.2d 463 (Fla. 4th DCA), rev. denied, 604 So.2d 488 (Fla.1992), and Robichaud v. State, 658 So.2d 166 (Fla. 2d DCA 1995), wherein the courts found the defendants' due process rights were violated by the government's actions.
In Nadeau, the defendant was set up by an acquaintance who was an informant working off a substantial assistance agreement with law enforcement. See Nadeau, 683 So.2d at 505. Barbara, the informant in this case, was not only an acquaintance but appellant's employment supervisor at the McDonald's where appellant worked. Barbara knew that appellant was vulnerable, appellant had little income and she wanted to work extra hours to save money for Christmas. Barbara also knew that appellant had a serious medical condition which caused chronic pain. As in Nadeau, appellant was not versed in drug dealing. See id. at 505-06. Barbara set the price and arranged the deal.
Furthermore, as in Nadeau, Soohoo and Anders, the informant, in this case Barbara, was not given guidance or limitations about with whom to negotiate drug deals or how to avoid entrapment, and her conversations with appellant were not monitored. See id.; Anders, 596 So.2d at 465; Soohoo, 737 So.2d at 1110-11.
As in Robichaud, the informant exploited her position to create a crime where none existed. Robichaud, 658 So.2d at 166. When appellant offered to let Barbara's sick friend have some of her medicine, Barbara insisted that appellant needed the money and her friend was able to pay. Barbara repeatedly urged the appellant to follow through with the "drug deal." Furthermore, as in both Robichaud and Nadeau, appellant had no criminal record and there was no evidence she was suspected of criminal activity before Barbara brought her into this scheme. See Robichaud, 658 So.2d at 169 (discussing *410 State v. Ramos, 632 So.2d 1078 (Fla. 3d DCA 1994)); Nadeau, 683 So.2d at 506.
In Jacobson, the United States Supreme Court reasoned, "As was explained in Sherman, where entrapment was found as a matter of law, `the Government [may not] pla[y] on the weaknesses of an innocent party and beguil[e] him into committing crimes which he otherwise would not have attempted.'" Jacobson, 503 U.S. at 553, 112 S.Ct. 1535 (quoting Sherman v. United States, 356 U.S. 369, 376, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958)). Although the court's analysis in Jacobson is based on a subjective entrapment test, the decision recognizes a fundamental unfairness when law enforcement exploits an innocent person's weakness or takes advantage of a vulnerable person to pursue a prosecution. This is the same type of conduct Florida courts have found offends canons of decency and fairness embodied in the due process provision in article I, section 9 of the Florida Constitution. See Munoz, 629 So.2d at 95-98 (reviewing due process entrapment cases).
We need not address the issue of subjective entrapment as we hold that the informant's conduct in this case, targeting an innocent person under her supervision and exploiting her weaknesses without any efforts from law enforcement to avoid entrapment or monitor the informant's activities, offends due process under Florida's constitution and constitutes entrapment as a matter of law. We, therefore, reverse and direct the trial court to vacate the conviction and enter a judgment of acquittal.
DELL and FARMER, JJ., concur.
NOTES
[1] She was identified as the confidential informant by Officer Silverman and the assistant manager at McDonald's but her last name does not appear in the record.
[2] The appellant had previously sought overtime hours because of her financial problems and needed extra money for the approaching Christmas holidays.