SHARP, W., J.
Urban appeals from a final judgment entered after he pled nolo contendere to the offenses of trafficking in oxycodone,[1] and sale of clonzaepam.[2] He contends that he was “entrapped” by law enforcement officers, and that their egregious conduct violated his constitutional due process rights under article I, section 9 of the Florida Constitution, and amendments 5 and 14 of the United States Constitution. In order to prevail on this ground, Urban must demonstrate that law enforcement’s conduct was so outrageous and egregious it constituted entrapment, as a matter of law, regardless of his predisposition to commit the crime charged. Munoz v. State, 629 So.2d 90 (Fla.1993).
After reviewing the record in this case, we do not agree that the conduct of law enforcement shown at the hearing regarding Urban’s motion to dismiss rises to that level. Rather, we agree with the State that the actions of the law enforcement in this case were similar to the conduct discussed in State v. Sargent, 617 So.2d 1115 (Fla. 5th DCA 1993), approved, 629 So.2d 847 (Fla.1994). In that case, this court held the activities engaged in by the police did not violate the defendant’s due process rights.
AFFIRMED.
PETERSON and TORPY, JJ., concur.

. §§ 893.135(l)(c), 893.03(2)(a)l„ Fla. Stat. (2002).

. §§ 893.13(l)(a)2„ 893.03(4)(j), Fla. Stat. (2002).