876 So.2d 29 (2004)
Valarie Alma CURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4834.
District Court of Appeal of Florida, Fourth District.
May 26, 2004.
Rehearing Denied July 15, 2004.
Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This appeal arises from a final order finding Valarie Alma Curry guilty of trafficking in cocaine. Curry was sentenced to ten years in prison. For the reasons expressed below, we reverse the conviction and order that Curry be discharged.
Curry's first argument on appeal is that the trial court erroneously denied her motion to dismiss based on objective entrapment in light of the egregious conduct of *30 the agents and officials. As a result of the allegedly egregious conduct, Curry contends her due process rights were violated and the case ought to have been dismissed. We agree.
There are two distinct theories of entrapment, a subjective theory and an objective theory. The subjective test is set forth in section 777.201, Florida Statutes, and is applicable in the absence of egregious law enforcement conduct. However, in the presence of egregious law enforcement conduct, an entrapment defense is to be objectively evaluated under the due process provision of article I, section 9, of the Florida Constitution. Munoz v. State, 629 So.2d 90 (Fla.1993).
This court recently summarized cases that have found entrapment based on the egregious conduct of police officers.
There are several examples of law enforcement conduct that rises to the level of offending due process. In State v. Williams, 623 So.2d 462 (Fla.1993), the Florida Supreme Court held that law enforcement manufacture of crack cocaine for use in a reverse sting operation near a school violated due process. Id. at 463. The court found this conduct to be outrageous, partially because crack cocaine is addictive and deadly. Id. at 466. Additionally, in State v. Glosson, 462 So.2d 1082 (Fla.1985), the court found a contingent fee arrangement for the testimony of an informant a violation of due process, because it "seemed to manufacture, rather than detect, crime." Id. at 1084 (citing Williamson v. United States, 311 F.2d 441 (5th Cir.1962)).
Farley v. State, 848 So.2d 393 (Fla. 4th DCA 2003).
In Farley, the most recent case out of this court on this issue, we reversed the appellant's conviction and found that he had established entrapment as a matter of law. In Farley the defendant was targeted by officers in a reverse sting operation looking for individuals involved with child pornography. Farley's name and personal information were discovered on a list that was generated in relation to the investigation of a child pornography ring out of Texas. The government agent sent Farley spam email attempting to have Farley seek pornographic material. Farley sent some responsive emails describing what he was looking for and eventually ordered some VHS tapes. Farley was arrested after purchasing the tapes from an undercover officer posing as a postal worker. This court found that Farley was objectively and subjectively entrapped. Id.
The Farley opinion specifically noted that "Farley was not involved in an existing criminal undertaking in need of detection by law enforcement; rather, LEACH sought to manufacture crime based on a list of names and addresses of unknown origin." Id. A similar result was reached in State v. Finno, 643 So.2d 1166, 1169 (Fla. 4th DCA 1994) (Objective entrapment established where government created a loan-sharking scheme where none previously existed.).
Where the government supplies all of the instrumentalities of a crime, controls all of its aspects, and teaches the intended target how to commit the crime for purposes of arresting him, as the trial court found here, there is no crime at all without government involvement. No legitimate objective of government is accomplished by prosecuting a crime so totally and completely orchestrated by the government. We conclude that this activity violates due process.
Id.
In the case at bar, the state argues that entrapment was not established because there was no evidence of inducement. The state further contends that the three step *31 test utilized in a subjective entrapment analysis is applicable. However, as discussed above, the two theories of entrapment are distinct. The state's analysis is misguided and has no bearing on the issue of objective entrapment.
The facts of this case are akin to those in Farley and Finno in that there is no indication Curry was involved with any criminal undertaking prior to the involvement of law enforcement. In fact, the facts of this case are even more egregious than those in Farley. In Farley the defendant's name was generated from a list that was discovered as part of the investigation of a child pornography ring in Texas. In that case, there was some tangible information law enforcement could have relied upon in looking to Farley for potential criminal activity. In the case at bar, the officer received all the information regarding Curry from a CI who was paid by the government and who was not available to testify as to where and why he felt Curry was involved with cocaine trafficking. Moreover, the unrefuted testimony of Curry was that she met and interacted with the CI for some time before the detectives were involved. Detective Murray specifically instructed the CI to not contact Curry without police involvement.
Moreover, the CI is a paid informant. Contingency fees based on the testimony of a CI have been held to violate due process rights and amount to entrapment. State v. Glosson, 462 So.2d 1082 (Fla.1985). The concern in Glosson was that the practice of paying a CI a contingency fee may manufacture, rather than detect, crime. Id. at 1084. Although distinguishable, that concern exists here.
In the case sub judice, the conduct of the CI was egregious. The record demonstrates that the CI approached Curry some time before the detective was involved with any investigation. The CI encouraged a romantic relationship with Curry involving sexual activity. The CI also gave Curry money to help pay her mortgage. When the CI asked her to help him sell cocaine, she said no. It was only after an abundance of phone calls from the CI, and later the detective, that she acquiesced. The CI provided the cocaine and repeatedly met with Curry at her place of employment. In sum, there was no crime without the CI's prodding and improper conduct, which rose to the level of egregious. For this reason, Curry's due process rights were violated. The trial court should have found entrapment as a matter of law and granted the motion to dismiss.
We therefore reverse the conviction and instruct the trial court to proceed in a manner consistent with this opinion.
GUNTHER, POLEN and MAY, JJ., concur.