943 So.2d 960 (2006)
Peter MADERA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2800.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
*961 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
LEWIS, TERRY P., Associate Judge.
The appellant pled no contest to charges of trafficking in MDMA, conspiracy to traffic in MDMA, and delivery of MDMA, reserving his right to appeal the trial court's denial of his motion to dismiss. The motion asserted that, on the undisputed facts, he was entrapped as a matter of law. We agree and reverse.
Both the appellant and the appellee have raised certain procedural deficiencies in the motion and in the traverse, none of which were raised below and none of which will be considered here. Instead, we focus on what allegations were not specifically denied by the State, and thus were admitted for purposes of the motion to dismiss, and whether those facts constitute entrapment as a matter of law. See State v. Patlon, 443 So.2d 346, 348 (Fla. 2nd DCA 1983).
The State argues that because it denied that the Defendant lacked a predisposition to commit the crime, a material issue of fact was in dispute and thus, the motion was properly denied. This argument, however ignores the distinction between a subjective and objective theory of entrapment. In the former, a predisposition to commit the crime will defeat the affirmative defense of entrapment. In the latter, predisposition is not an issue. Rather, the question is whether the conduct of law enforcement was so egregious as to violate the due process rights of the defendant. See Munoz v. State, 629 So.2d 90, 99 (Fla.1993); State v. Glosson, 462 So.2d 1082, 1084 (Fla.1985); Curry v. State, 876 So.2d 29, 30 (Fla. 4th DCA 2004).
The facts alleged in the motion that were not specifically denied by the *962 state include the following: The defendant was 37 years old with absolutely no criminal history, unknown to law enforcement officers, and gainfully employed in lawful activity at the time the confidential informant first approached him. The defendant became romantically interested in the CI and she led him to believe that she was similarly interested in him. She first brought up the topic of illegal drug use and continually asked the defendant if he knew where to buy drugs or if he could obtain drugs for her. The defendant repeatedly told her that he did not use or sell illegal drugs, and that, being new to the area, he did not know anyone who used or sold drugs.
The CI made promises of an intimate relationship, to include sexual relations, if the defendant would assist her in obtaining drugs. She discussed her personal medical problems with the defendant and played on his sympathy, indicating that she needed the drugs to cope with the pain and the stress of cancer. The CI was herself a convicted drug trafficker who had recently received a below guidelines suspended sentence and probation. Unbeknownst to the defendant at the time, the CI was involved in similar transactions with several other individuals, whom she also pretended to befriend.
The facts in this case are remarkably similar to those in Curry, 876 So.2d at 30, in which we found the conduct of law enforcement so egregious as to constitute a violation of due process and thus, objective entrapment. The conduct in that case was described as follows:
The record demonstrates that the CI approached Curry sometime before the detective was involved with any investigation. The CI encouraged a romantic relationship with Curry involving sexual activity. The CI also gave Curry money to help pay her mortgage. When the CI asked her to help him sell cocaine, she said no. It was only after an abundance of phone calls from the CI, and later the detective, that she acquiesced. The CI provided the cocaine and repeatedly met with Curry at her place of employment. In sum, there was no crime without the CI's prodding and improper conduct, which rose to the level of egregious. For this reason, Curry's due process rights were violated. The trial court should have found entrapment as a matter of law and granted the motion to dismiss.
Id. at 31.
Similarly, in this case, there would have been no crime without the CI's prodding and improper conduct. At the time, the Defendant was gainfully employed at a lawful occupation, had no prior criminal history, and was not even suspected of criminal activity. The CI was used here, not to detect crime, but to manufacture it. Thus, as in Curry, we find that the Defendant's due process rights were violated by this egregious conduct and that he was objectively entrapped as a matter of law.
Accordingly, the judgment and sentence are hereby reversed with directions to set them aside and grant the motion to dismiss.
Reversed and Remanded.
FARMER and SHAHOOD, JJ., concur.