SUAREZ, C.J.
(dissenting).
I respectfully dissent. The record in this case is completely void of any evidence that Blanco was predisposed to commit the crime in question. Without that evidence, the elements of Munoz v. State, 629 So.2d 90, 99 (Fla. 1993) are not met. Therefore, as a matter of law, this is a valid case of entrapment and the issue should have been ruled on by the trial judge and should never have gone to the jury.
Despite its correct recitation of the law of entrapment, the majority relies on certain language—used by Blanco only during the transaction and only after inducement by the state to enter into a single drug transaction—as the sole evidence that Blanco was allegedly predisposed to commit the offence. “This view overlooks even the common connotation of the word ‘predisposition.’ The prefix pre-indicates that the disposition must exist before the first contact with the government.” Farley v. State, 848 So.2d 393, 396 (Fla. 4th DCA 2003). Moreover, the majority fails to acknowledge that, unlike the defendants in the cases it relies upon, Blanco had no prior connection to any criminal activity. The majority’s conclusion in this case is inconsistent not only with the cases it cites, but with due process. Soohoo v. State, 737 So.2d 1108, 1111 (Fla. 4th DCA 1999). As discussed below, other courts which have addressed entrapment claims by defendants who were situated similarly to Blanco, have found entrapment as a matter of law, reversed the convictions and discharged the defendants. That is what should have occurred in this case.
Applying the subjective entrapment defense as described by the majority to this case, it is undisputable that the first element of the test under Munoz, (whether an agent of the government induced the Defendant to commit the crime) was met in this case—an agent of the state induced Blanco to commit the crime at issue but only “after repeated refusals” on Blanco’s part. For purposes of the second element of Munoz (whether the defendant was predisposed to commit the offense) the only possible proper proof the state could have provided is that of a “ready acquiescence in the commission of the crime.” Jones v. State, 114 So.3d 1123, 1126 (Fla. 1st DCA *948 2013). This is so because there was absolutely no evidence of the other potential areas of proof: “the defendant’s prior criminal activities;” a “reputation for such activities;” or “reasonable suspicion of his involvement in such activity.” Majority at 944. However, the majority has already conceded that Blanco agreed to participate in the drug transaction only “after repeated refusals,” so there actually was no proof of “ready acquiescence” on his part.
The record is devoid of any proper evidence supporting any notion of predisposition on Blanco’s part to commit the offense. To get around this problem, the majority concludes that “post-inducement evidence can be admissible if it tends to show that the defendant was pre-disposed to commit the crime.” Applying circular reasoning, the majority concludes that because Blanco was induced to commit the crime, he was necessarily predisposed to commit it. Such reasoning has been properly rejected. See Farley, 848 So.2d at 398 where, citing federal precedent, the Court rejected the state’s claim that the fact that the defendant participated in the crime indicated that he was predisposed to commit the crime.
In an attempt to bolster its circular reasoning, the majority creates a hypothetical which is completely inapplicable to the facts of this case. In the majority’s hypothetical, a targeted person is recorded, post-inducement, making reference to fifty prior drug transactions. The majority also relies upon a case in which a video of prior criminal activity existed and, because of that, the appellate court found that the defendant was predisposed to commit the crime. It is obvious to any reader that proof of or discussion of prior criminal activity can, by itself, be evidence of predisposition. The problem is, those are not the facts in this case. Rather, in this case there was absolutely no evidence that Blanco had any prior criminal involvement of any sort.
To address that dearth of evidence, the majority somehow conflates a reference to a political discussion as proof that Blanco was “not one easily influenced” with the notion that post-inducement use of jargon is proof of predisposition. First, there is simply no precedent for the notion that holding strong political opinions is somehow proof that one is predisposed to commit a crime, and such a concept should be easily discarded. More importantly, where there was absolutely no proof of any prior involvement in any sort of criminal activity, Blanco’s use of jargon—-which was un-disputedly provided by the informant during the transaction at issue—simply does not satisfy the requirements of Munoz v. State, 629 So.2d 90 (Fla. 1993).
An analysis of the existing entrapment case law demonstrates this point. There are cases, like those cited by the majority, where the defendant claiming entrapment has a demonstrable history of criminal activity. Sallomi v. State, 629 So.2d 969 (Fla. 5th DCA 1993) (defendant therein made reference to prior criminal activity in the form of reference to his “supplier.”); Jones v. State, 114 So.3d 1123 (Fla. 1st DCA 2013) (defendant “had three prior felony convictions involving the sale of drugs.”). Whatever post-inducement activity was at issue in those cases is really irrelevant in light of the already existing evidence of predisposition in each of the cases.
In contrast, other cases involve defendants—like Blanco—with no known prior criminal connection. In those cases, the courts have found entrapment as a matter of law and reversed the convictions—even on claims of ineffective assistance of counsel such as that here. For example, in Nadeau v. State, 683 So.2d 504 (Fla. 4th DCA 1995) the defendant with no criminal record and no known reputation for crimi *949 nal behavior was “coached ... in the parlance of the drug trade.” Id. at 505. In reversing the conviction in that case based on an improper denial of a motion for acquittal, the Fourth District found that “the law enforcement conduct in this case was so outrageous as to constitute denial of appellant’s due process rights.” Id. at 506. The court there also found that Na-deau proved subjective entrapment as a matter of law. In Jimenez v. State, 993 So.2d 553, 556 (Fla. 2d DCA 2008) a confidential informant induced the defendant to engage in a drug transaction by taking advantage of a pre-existing friendship. The court there reversed the conviction based on claims of ineffective assistance of counsel for failing to move to dismiss based on an entrapment defense, finding the allegations of entrapment unrefuted where the defendant claimed “he had no prior criminal history” and “no history whatsoever of engaging in drug distribution.” Similarly in Madera v. State, 943 So.2d 960 (Fla. 4th DCA 2006), “the defendant was thirty seven years old with absolutely no criminal history, unknown to law enforcement officers and gainfully employed in lawful activity at the time the confidential informant first approached him.” The defendant there also “repeatedly told [the informant] that he did not use or sell illegal drugs.” In language which is wholly applicable to the facts of this case, the court there found:
“there would have been no crime without the Cl’s prodding and improper conduct. At the time the defendant was gainfully employed at a lawful occupation, and had no prior criminal activity, and was not even suspected of criminal activity. The Cl was used here, not to detect crime, but to manufacture it.”
Id. at 962.
Finding a due process violation, the court there reversed the conviction and found the defendant objectively entrapped. See also, Curry v. State, 876 So.2d 29, 31 (Fla. 4th DCA 2004) (reversing a conviction where there was “no indication Curry was involved with any criminal undertaking prior to the involvement of law enforcement” and “it was only after an abundance of phone calls from the Cl, and later the detective” that she acquiesced in committing the crime); Farley v. State, 848 So.2d 393, 396 (Fla. 4th DCA 2003) (reversing conviction where prior to receiving spam email from the government, there was no indication that defendant was inclined to commit the offense, was thus not predisposed to commit the crime and where the state presented no evidence of past deviant behavior or criminal activity, entrapment was shown as a matter of law. Trial court should have granted defendant’s motion to dismiss.)[6]; Dial v. State, 799 So.2d 407, 409 (Fla. 4th DCA 2001) (finding appellant had no criminal record and there was no evidence she was suspected of criminal activity before supervisor repeatedly pressured her into criminal scheme); Robichaud v. State, 658 So.2d 166, 168 (Fla. 2d DCA 1995) (reversing trafficking conviction where Cl induced appellant to participate in drug buy by appealing to his sympathy for a sick friend and threatening him that boys from the mafia would “take care of him” and where detective had no information that defendant was involved in drug dealing and had no prior drug offenses); State v. Anders, 596 So.2d 463, 468 (Fla. 4th DCA 1992) *950 (where informant had no reason to believe that Anders had ever engaged in drug trafficking, DEA rejected case against him in light of lack of criminal background, applying objective test to reverse conviction finding there was no “specific ongoing criminal activity by Anders prior to the informant’s scheme.”). See also, 22 CJS, Criminal Law § 76 “Only those statements of the accused that indicate a state of mind untainted by the inducement are relevant to show predisposition. ... The predisposition must be independent of the attention the government agent directed at the defendant. ... Although no factor is controlling, the accused’s reluctance to engage in criminal activity is the most important.” (emphasis added) 16 Fla. Jur. 2d Crim. Law § 141 “ ‘Predisposition’ is not present when one has no prior criminal history related to the offense at issue.”
Finally, the majority somehow seems convinced that because the jury reached a guilty verdict in the face of a claim of entrapment, that this Court may not conclude otherwise. The list of just-cited cases is proof that such a conclusion is incorrect. It is one of the functions of this Court to undo injustice when the law has been improperly applied. To quote the majority, this is one of those cases. As stated in Cruz v. State, 466 So.2d 616, 520 (Fla.), cert. denied, 473 U.S. 906, 106 S.Ct. 3527, 87 L.Ed.2d 652 (1985): “The violation of the principles of justice by the entrapment of the unwary into crime should be dealt with by the court no matter by whom or at what stage of the proceedings the facts are brought to its attention.” quoting Sorrells v. United States, 287 U.S. 435, 457, 53 S.Ct. 210, 77 L.Ed. 413 (1932) (Roberts, J. in a separate opinion).
It is undisputable that under the proper application of the principles and tests of Munoz, Blanco was entrapped by a former lover to engage in a single criminal activity. Blanco was entrapped as a matter of law and the conviction should be overturned. His trial counsel should have moved for judgment of acquittal and the trial court should have granted that motion. For the reasons given above, I would reverse the conviction.

. The Court there aptly quoted Jacobson v. United States, 503 U.S. 540, 553, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992) for the rule which should be applied in this case: "when the Government’s quest for convictions leads to the apprehension of an otherwise law-abiding citizen who, if left to his own devices, likely would have never run afoul of the law, the courts should intervene.”