638 So.2d 1022 (1994)
Jeffrey PRINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1741.
District Court of Appeal of Florida, Fifth District.
June 17, 1994.
*1023 Raymond L. Goodman, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dan Haun, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Jeffrey Prince appeals his judgment and sentence, arguing that the trial court erred in denying his motion to dismiss. Prince contends that the charges against him should have been dismissed because he was entrapped, as a matter of law, and because his due process rights were violated in a reverse-sting operation. We conclude that these contentions lack merit and, therefore, affirm.
Prince was not brought into this drug transaction by either the confidential informant or the undercover drug agent but, rather, by his codefendant. Entrapment is not an available defense when a middleman, not a state agent, induces a defendant to engage in a crime. State v. Hunter, 586 So.2d 319, 322 (Fla. 1991).
Also, as a matter of law, the facts of the instant case are not so outrageous as to constitute subjective entrapment under Munoz v. State, 629 So.2d 90, 95 (Fla. 1993). See also State v. Sargent, 617 So.2d 1115, 1117-19 (Fla. 5th DCA 1993), approved, 629 So.2d 847 (Fla. 1994). Here, the confidential informant introduced Prince's codefendant to the undercover agent, who negotiated the sale of 39 pounds of marijuana for $39,000 to the codefendant. The confidential informant's fee was not contingent upon trial testimony[1] or a successful conviction, and the informant was not working off any charges by way of a substantial assistance agreement. We further conclude that Prince's reliance upon State v. Glosson, 462 So.2d 1082 (Fla. 1985), is misplaced and that there was no violation of Prince's due process rights. See Taylor v. State, 634 So.2d 1075, 1076 (Fla. 1994); State v. Thompson, 625 So.2d 128 (Fla. 1st DCA 1993).
Accordingly, we affirm Prince's judgment and sentence.
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] The confidential informant was not required to testify in any court proceeding.