848 So.2d 491 (2003)
David Allen WORLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2170.
District Court of Appeal of Florida, Fifth District.
July 3, 2003.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
David Allen Worley appeals a final order adjudicating him guilty of the sale of a controlled substance. Worley contends that the trial court erred in denying his request for a jury instruction on entrapment. We disagree.
The giving or withholding by a trial court of a requested jury instruction is reviewed under an abuse of discretion standard of review. See Palmore v. State, *492 838 So.2d 1222 (Fla. 1st DCA 2003); Pozo v. State, 682 So.2d 1124 (Fla. 1st DCA 1996), rev. denied 691 So.2d 1081 (Fla. 1997). In a criminal proceeding the discretion of the trial court in this regard is rather narrow, however, because a criminal defendant is entitled to have the jury instructed on his or her theory of defense if there is any evidence to support this theory, and so long as the theory is recognized as valid under the law of the state. See Mora v. State, 814 So.2d 322 (Fla. 2002); Flemmings v. State, 838 So.2d 639 (Fla. 5th DCA 2003). Because Worley's theory is faulty, we find no error in the court's decision not to give the entrapment instruction.
Worley sold about 500 pills containing MDMA, aggregating 82.4 grams, to an undercover officer and a confidential informant for $5,500. Worley asserted at trial that the girlfriend of the confidential informant encouraged him to complete the sale by offering to have sex with him. The conversation allegedly took place by phone well in advance of the sale. The girlfriend did not testify. The undercover officer testified that he knew of no communications between Worley and the girlfriend, and that the confidential informant, not the girlfriend, set the price for the pills.
Upon his arrest, Worley wrote out a statement saying that selling the drugs "was an easy way for me to make money." He pointed out that he had a lot of financial problems and "I don't do this a lot." He did not mention in his statement that he had been induced to sell the drugs by the girlfriend's promises.
The general rule is that entrapment will not lie where the inducement to commit a crime comes from a non-agent private citizen. That is, when a middleman, not a state agent, induces another person to engage in a crime, entrapment is not available as a defense. See State v. Hunter, 586 So.2d 319, 321 (Fla.1991); Prince v. State, 638 So.2d 1022 (Fla. 5th DCA 1994); State v. Perez, 438 So.2d 436 (Fla. 3d DCA 1983). The informant's girlfriend occupied that position. We conclude, therefore, that the trial court did not abuse its discretion by declining to give an entrapment instruction. Additionally, we conclude that the facts in this case are not outrageous, and do not constitute subjective entrapment under Munoz v. State, 629 So.2d 90, 95 (Fla.1993).
AFFIRMED.
PETERSON and ORFINGER, JJ., concur.