Commonwealth *v.* Kendall.

## COMMONWEALTH *vs.* CLINTON KENDALL.

Middlesex. January 8, 2008. - March 28, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Necessity. Practice, Criminal,* Instructions to jury. *Motor Vehicle,* Operating under the influence.

Discussion of the limited circumstances in which the defense of necessity is available to a criminal defendant. [13-15]

At the trial of a criminal complaint charging the defendant with operation of a motor vehicle while under the influence of intoxicating liquor, G. L. c. 90, § 24 (1) (*a*) (1), arising from his driving of his seriously injured girl friend to a hospital for medical care, the District Court judge properly declined to allow defense counsel to present a defense of necessity and denied his request for an instruction on such a defense, where the defendant did not present any evidence that there were no effective legal alternatives for abating the medical emergency. [15-16] COWIN, J., dissenting, with whom MARSHALL, C.J., and CORDY, J., joined.

COMPLAINT received and sworn to in the Marlborough Division of the District Court Department on November 26, 2001.

The case was tried before *Thomas F. Sullivan, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Russell Fuller* for the defendant.

*Marc O. DeGirolami,* Special Assistant District Attorney, for the Commonwealth.

SPINA, J. In this case, we consider whether the defendant, Clinton Kendall, was entitled to a jury instruction on the defense of necessity with respect to a charge of operating a motor vehicle while under the influence of intoxicating liquor (OUI), G. L. c. 90, § 24 (1) (*a*) (1), where the defendant was driving in order to get his seriously injured girl friend to a hospital for medical care. A jury found the defendant guilty of OUI, and he

was sentenced to two years of probation, with conditions.[1] In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed the District Court judgment, concluding that the evidence at trial did not adequately raise the elements of a necessity defense, and therefore, the trial judge did not err in refusing the defendant's request for such an instruction. See *Commonwealth* v. *Kendall*, 69 Mass. App. Ct. 1102 (2007). We granted the defendant's application for further appellate review and, for the reasons that follow, now affirm.

We begin with a brief recitation of the facts. "In determining whether the evidence required an instruction concerning action taken out of necessity, we view the evidence in its light most favorable to the defendant." *Commonwealth* v. *Lindsey*, 396 Mass. 840, 842 (1986).

On the evening of November 25, 2001, the defendant and his girl friend, Heather Maloney, went out to the Little Pub in Marlborough for drinks. They were able to travel there on foot because the establishment was no more than a ten-minute walk from the defendant's trailer home. Over the course of several hours, the defendant and Maloney consumed enough alcohol to become intoxicated. They left the Little Pub around 10 P.M. and walked to a nearby Chinese restaurant to get something to eat. The kitchen was closed, but the bar remained open and they each consumed another drink. Maloney wanted to stay at the restaurant for additional drinks, but the defendant persuaded her that they should return to his home.

After they walked back to the defendant's trailer, he opened the door for Maloney, and she went inside, stopping at the top of the stairs to remove her shoes. As the defendant entered the trailer, he stumbled and bumped into Maloney, causing her to fall forward and hit her head on the corner of a table. The impact opened a wound on her head, and she began to bleed profusely. The defendant was unsuccessful in his efforts to stop

---

[1] The defendant was also charged with assault and battery, G. L. c. 265, § 13A, and assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (*b*). At the close of the Commonwealth's case, the judge granted the defendant's motion for a required finding of not guilty as to the charge of assault and battery by means of a dangerous weapon. The jury returned a verdict of not guilty on the charge of assault and battery.

the bleeding, so the two decided to seek immediate medical attention.

The trailer did not have a telephone, and neither Maloney nor the defendant had a cellular telephone. Approximately seventy-five to eighty other trailers were located in the mobile home park (each about twenty-five feet apart), at least one nearby neighbor (who lived about forty feet from the defendant) was at home during the time of the incident,[2] and a fire station was located approximately one hundred yards from the neighbor's home. Nonetheless, Maloney and the defendant got into his car, and he drove her to the emergency room of Marlborough Hospital. A breathalyzer test subsequently administered to the defendant at the Marlborough police station, after he had been placed under arrest, showed a blood alcohol level of .23 per cent.

At the close of all the evidence at trial, defense counsel informed the judge that he intended to argue a defense of necessity to the charge of OUI, and he requested an appropriate jury instruction. The judge denied counsel's request for an instruction on necessity, concluding that evidence had not been presented to demonstrate that such a defense was applicable in the circumstances of this case, where the parties were in a highly populated area and the defendant could have availed himself of nearby resources to obtain medical attention for Maloney. As a consequence, during his closing statement, defense counsel did not mention the OUI charge to the jury.

The defendant now contends in this appeal that the judge erred in refusing to allow him to present a defense of necessity during his closing argument and in refusing his request for a jury instruction on such defense.[3] The defendant asserts that, contrary to the judge's conclusion, there were no legal alternatives which would have been effective in abating the danger to Maloney given that her wound was extremely serious and time was a critical factor.

---

[2] At trial, there was no testimony presented whether Kirk Longeil, the neighbor who lived approximately forty feet from the defendant's home, owned a car, was a licensed driver, or had consumed any alcoholic beverages on the evening in question.

[3] Because defense counsel properly objected to the judge's denial of his request to present a necessity defense and his request for a jury instruction thereon, our standard of review is whether the judge's determinations constituted prejudicial error. See *Commonwealth* v. *Cruz*, 445 Mass. 589, 591 (2005).

Moreover, the defendant continues, by determining that alternative courses of action were available, the judge simply substituted his own judgment, with the benefit of hindsight, for that of the jury. We disagree.

"[I]n a prosecution for operating a motor vehicle while under the influence of intoxicating liquor, the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely. The Commonwealth need not prove that the defendant actually drove in an unsafe or erratic manner, but it must prove a diminished capacity to operate safely." *Commonwealth* v. *Connolly*, 394 Mass. 169, 173 (1985). It is well established that criminal conduct may be negated by compulsion. See *Commonwealth* v. *Thurber*, 383 Mass. 328, 330 (1981), and cases cited (prison escape).

The defense of necessity, also known as the "competing harms" defense, "exonerates one who commits a crime under the 'pressure of circumstances' if the harm that would have resulted from compliance with the law . . . exceeds the harm actually resulting from the defendant's violation of the law. At its root is an appreciation that there may be circumstances where the value protected by the law is, as a matter of public policy, eclipsed by a superseding value . . . ." *Commonwealth* v. *Hood*, 389 Mass. 581, 590 (1983), quoting *Commonwealth* v. *Brugmann*, 13 Mass. App. Ct. 373, 376-377 (1982). See Annot., Driving While Intoxicated: "Choice of Evils" Defense that Driving Was Necessary to Protect Life or Property, 64 A.L.R. 4th 298 (1988 & Supp. 2007). See also R.W. Bishop, Prima Facie Case § 53.92, at 355 (5th ed. 2005). In other words, "[a] necessity defense is sustainable '[o]nly when a comparison of the 'competing' harms in specific circumstances clearly favors excusing' the defendant's conduct." *Commonwealth* v. *Pike*, 428 Mass. 393, 400 (1998), quoting *Commonwealth* v. *Hutchins*, 410 Mass. 726, 731 (1991). See *Commonwealth* v. *McCambridge*, 44 Mass. App. Ct. 285, 291-292 (1998).

The common-law defense of necessity is available in limited circumstances. See *Commonwealth* v. *O'Kane*, 53 Mass. App. Ct. 466, 469-470 (2001). It can only be raised if each of the following conditions is met: "(1) the defendant is faced with a

clear and imminent danger, not one which is debatable or specula-
tive; (2) the defendant can reasonably expect that his action will
be effective as the direct cause of abating the danger; (3) there
is [no] legal alternative which will be effective in abating the
danger; and (4) the Legislature has not acted to preclude the
defense by a clear and deliberate choice regarding the values at
issue."[4] *Commonwealth* v. *Hood, supra* at 591, quoting *Com-
monwealth* v. *Brugmann, supra* at 379. See *Commonwealth* v.
*Pike, supra* at 400; *Commonwealth* v. *Leno,* 415 Mass. 835,
839-840 (1993). In those instances where the evidence is suf-
ficient to raise the defense of necessity, the burden is on the
Commonwealth to prove the absence of necessity beyond a rea-
sonable doubt. See *Commonwealth* v. *Iglesia,* 403 Mass. 132,
134 (1988); *Commonwealth* v. *Thurber, supra* at 331.

In considering whether a defendant is entitled to a jury instruc-
tion on the defense of necessity, we have stated that a judge
shall so instruct the jury only after the defendant has presented
some evidence on each of the four underlying conditions of the
defense. See *Commonwealth* v. *Pike, supra.* See also *Com-
monwealth* v. *Hood, supra* at 595; *Commonwealth* v. *O'Malley,*
14 Mass. App. Ct. 314, 325 (1982). That is to say, an instruc-
tion on necessity is appropriate where there is evidence that
supports at least a reasonable doubt whether operating a motor
vehicle while under the influence of intoxicating liquor was justi-
fied by necessity. See *Commonwealth* v. *Pike, supra* (no instruc-
tion on necessity where no evidence that danger was imminent,
where defendant had lawful alternatives by which to abate danger,
and where defendant did not show that his actions satisfied com-
peting harms analysis). See also *Commonwealth* v. *Thurber, su-
pra.* Notwithstanding a defendant's argument that the jury should
be allowed to decide whether the defendant has established a
necessity defense, a judge need not instruct on a hypothesis that
is not supported by evidence in the first instance. See *Common-*

---

[4]There is no suggestion in G. L. c. 90, § 24 (1) (*a*) (1), that the Legislature
has restricted the availability of a defense of necessity in cases of operating a
motor vehicle while under the influence of intoxicating liquor. See *Com-
monwealth* v. *Lora,* 43 Mass. App. Ct. 136, 139 n.5 (1997) ("No Massachusetts
court has yet precluded the defense [of necessity] based on a determination
that the Legislature has statutorily ruled it out"). The parties have not presented
any argument or cited any case to the contrary.

*wealth* v. *Hood, supra* at 593-594; *Commonwealth* v. *Thurber, supra.* Thus, if some evidence has been presented on each condition of a defense of necessity, then a defendant is entitled to an appropriate jury instruction. See *Commonwealth* v. *Iglesia, supra* at 135-136 (setting forth sample jury instruction on law of necessity).

The only issue here is whether the defendant presented some evidence on the third element of the necessity defense, namely, that there were no legal alternatives that would be effective in abating the danger posed to Maloney from her serious head wound. "Where there is an effective alternative available which does not involve a violation of the law, the defendant will not be justified in committing a crime." *Commonwealth* v. *Pike, supra* at 401, quoting *Commonwealth* v. *Brugmann, supra.* "Moreover, it is up to the defendant to make himself aware of any available lawful alternatives, 'or show them to be futile in the circumstances.' " *Commonwealth* v. *Pike, supra,* quoting *Commonwealth* v. *Brugmann, supra* at 380.

When viewing the evidence in the light most favorable to the defendant, we conclude that he failed to present any evidence to support a reasonable doubt that his operation of a motor vehicle while under the influence of intoxicating liquor was justified by necessity. There is no question that Maloney's head wound was serious and that time was of the essence in securing medical treatment. Nonetheless, the record is devoid of evidence that the defendant made any effort to seek assistance from anyone prior to driving a motor vehicle while intoxicated. The defendant did not try to contact a nearby neighbor to place a 911 emergency telephone call or, alternatively, to drive Maloney to the hospital. There is also no evidence that the defendant attempted to secure help from the fire station or Chinese restaurant, both in relatively close proximity to the defendant's trailer. This is not a case where, because of location or circumstances, there were *no* legal alternatives for abating the medical danger to Maloney. Moreover, there has been no showing by the defendant that available alternatives would have been ineffective, leaving him with no option but to drive while intoxicated. Because the defendant did not present at least some evidence at trial that there were no effective legal alternatives for abating the medical

emergency, we conclude that the judge did not err in refusing to allow counsel to present a defense of necessity and in denying his request for an instruction on such a defense.[5]

*Judgment affirmed.*

Cowin, J. (dissenting, with whom Marshall, C.J., and Cordy, J., join). I believe that the evidence, viewed in the light most favorable to the defendant, entitled him to a jury instruction on the defense of necessity, and that the court, in affirming the denial of the defendant's request for an instruction, has construed our law on the availability of the necessity defense in an unduly restrictive manner.

The necessity defense recognizes that circumstances may force individuals to choose between competing evils. In parti-

---

[5]In response to the position of the dissent, we point out that the essential foundation of a necessity defense, namely, the presentation of some evidence on the four underlying conditions articulated in *Commonwealth* v. *Pike*, 428 Mass. 393, 400 (1998), must be laid before a judge will be required to instruct a jury on such a defense and before the jury, in turn, can consider the factual question of the reasonableness of the defendant's conduct in relation to the competing harms. The import of the dissent is to skip over this underlying foundational requirement, which is essential to support a necessity defense in the first instance. That is to say, the dissent seems to suggest that even where, as here, a defendant does not present evidence to show that he had no effective legal alternative by which to abate a clear and imminent danger, a jury nonetheless should be able to consider whether the defendant acted out of necessity and his conduct was "reasonable." *Post* at 19. This simply is inconsistent with our case law. See *Commonwealth* v. *Pike, supra* at 400-401. Under the dissent's analysis, if, for example, the defendant had a telephone in his trailer home but chose to drive his girl friend to the hospital (while intoxicated) instead of telephoning 911, it would be the province of the jury to decide whether such course of action was justified under the circumstances, even though, as an initial matter, the defendant would *not* be able to show that he had *no* effective legal alternative by which to abate the danger (namely, dialing 911), the very underpinning of a necessity defense. We are not saying, as the dissent suggests, that an individual in an emergency situation must spend time and effort deliberating about and investigating *all* logical alternatives to abate a clear and imminent danger. Rather, we are reiterating that, before being entitled to a jury instruction on necessity, a defendant has to make some initial showing that there were no effective legal alternatives to the unlawful conduct he pursued, or that any such alternatives would have been futile in the circumstances. See *id.* at 401. The defendant here simply presented no evidence to support the underlying foundation of a necessity defense.

cular, it may be reasonable at times for an individual to engage in the "lesser evil" of committing a crime in order to avoid greater harms; when this occurs, the individual should not be punished by the law for his actions. *Commonwealth* v. *Iglesia*, 403 Mass. 132, 134 (1988), quoting *Commonwealth* v. *Brugmann*, 13 Mass. App. Ct. 373, 377 (1982) ("At [the] root [of the necessity defense] is an appreciation that there may be circumstances where the value protected by the law is, as a matter of public policy, eclipsed by a superseding value which makes it inappropriate and unjust to apply the usual criminal rule").

As the court states, our common law requires a defendant to present some evidence on each of the four elements of the necessity defense before a judge is required to instruct the jury on such defense. See *ante* at 14. Once a judge determines that the evidence, viewed in the light most favorable to the defendant, permits a finding that the defendant reasonably acted out of necessity, the judge must instruct on the defense. See *Commonwealth* v. *Pike*, 428 Mass. 393, 400 (1998). The jury then decide what the facts are and resolve the ultimate question whether the defendant's actions were justified by necessity.

The court determined that the defendant failed to present sufficient evidence on the third element, namely, that there were no legal alternatives that would be effective in abating the danger posed to Heather Maloney from her serious head wound, to entitle the defendant to an instruction on necessity. *Ante* at 15. The court concluded that "[t]his is not a case where, because of location or circumstances, there were *no* legal alternatives for abating the medical danger to Maloney." *Id.* "Moreover, there has been no showing by the defendant that available alternatives would have been ineffective, leaving him with no option but to drive while intoxicated." *Id.* The court stated that the record did not indicate that the defendant made any effort to pursue legal alternatives prior to making the decision to drive. "The defendant did not try to contact a nearby neighbor to place a 911 emergency telephone call or, alternatively, to drive Maloney to the hospital. There is also no evidence that the defendant attempted to secure help from the fire station or Chinese restaurant, both in relatively close proximity to the defendant's trailer." *Id.*

The problem with the court's decision is that it puts unreasonable demands on the defendant to show in every instance that he has tested the legal alternatives. In this case, the court apparently requires the defendant to have knocked on a neighbor's door or walked to the fire station or Chinese restaurant. This is too burdensome a threshold. To get to the jury, the defendant need only present evidence that he did not explore the legal alternatives because he reasonably deemed them to have been too high a risk, and he was, applying an objective standard, entitled not to have pursued them. Cf. *Commonwealth* v. *McCambridge*, 44 Mass. App. Ct. 285, 291 (1998) (Commonwealth's argument that defendant had legal alternative and thus was not entitled to instruction on necessity defense improperly "ignore[d] the fact that the legal alternative must be effective"). If it was unreasonable to forgo the lawful alternatives, then the defendant has not made out a case that should go to the jury.

The legal alternatives available to the defendant here carried considerable risk of failure. The defendant had already spent valuable time attempting to stop Maloney's bleeding using towels, but was unable to do so. The first neighbor from whom the defendant might have sought help might not have owned a car, or might have been unable or unwilling to drive Maloney to a hospital; the defendant would then have had to proceed to other neighbors, or to the fire station, where there might not have been anyone available to help; even had there been, it could have meant unacceptable delay in getting a badly injured person to the hospital. In short, any of the alternatives proposed today by the court would have consumed valuable time to no purpose; their exploration raised the real possibility of a chain of events that could have resulted in Maloney's serious injury or death. Given the element of risk associated with the situation and the uncertain likelihood of success with respect to the legal alternatives, a jury could find that it was reasonable for the defendant to reject those alternatives and to select the unlawful solution because of the greater likelihood that it would work. The court's decision, however, punishes a reasonable person for taking the "lesser evil" of the unlawful but more effective alternative.

The court's conclusion is not supported by our case law. In *Commonwealth* v. *Iglesia*, 403 Mass. 132, 135 (1988), for

instance, we held that an instruction regarding the necessity defense was proper where the defendant, charged with illegal possession of a firearm, presented evidence that he obtained the firearm when, during an attack, he wrestled the gun from his attacker and brought it immediately to a police station. We did not insist that availability of other alternatives, e.g., dropping the weapon and leaving, or waiting for the police, precluded assertion of a necessity defense, nor did we require that the defendant test these alternatives. *Id.* at 134. See *Commonwealth* v. *McCambridge*, *supra* at 291-292 (defendant, who grabbed gun to defend himself against attacker who was pointing gun at him, was entitled to instruction on necessity defense despite not taking legal alternative of attempting to disarm his assailant).

Of course, a defendant would not be entitled to an instruction on necessity if a reasonable person in his position would have found the legal alternatives to be viable. It would have been proper, for instance, for the judge to deny the defendant's request for an instruction on necessity had there been a hospital within walking distance or a neighbor who offered to drive Maloney to the hospital immediately. In most instances, the unlawful path will not be deemed to be reasonable. On this record, however, the defendant was entitled to make a case to the jury that it was reasonable for him to drive his heavily bleeding girl friend to the hospital to receive treatment without first exploring potentially ineffective alternatives. Although the jury might ultimately reject the defendant's argument, it was for them to decide whether he chose the lesser of two evils. I respectfully dissent.