GROSS, C.J.
 

 Donnell Mickell appeals his conviction for driving while license revoked as an habitual offender. We affirm, finding no abuse of discretion in the trial court’s admission of evidence concerning Mickell giving a false name to the arresting officer after a traffic stop.
 

 The state’s sole witness was Trooper Raymond Stuhr. At about 11:00 p.m., he pulled over a car on Interstate 95 for the infraction of following too closely.
 
 See
 
 § 316.0895(1), Fla. Stat. (2008). Mickell was the driver of the car. There were three passengers. The trooper asked Mic-kell for his license. He replied that he had left his license at home.
 

 The trooper then asked Mickell for his name and birth date. Mickell answered the question. However, the trooper’s database search of the biographical information Mickell provided revealed no matches. The trooper returned to Mickell and confirmed the information Mickell had given him. Again, there were no matches in the database. The trooper asked Mickell to step out of the car and confronted him with his belief that Mickell was being dishonest. For a third time, the trooper ran the given information through his database, producing no results. Finally, about 20 minutes after the initial stop, Mickell relented and provided Stuhr with his true name and birth date.
 

 Stuhr promptly discovered that Mickell was an habitual traffic offender with a suspended license, so he arrested him.
 

 Mickell invoked the defense of necessity. He contended that he had been driving another passenger in the car to get medical assistance. In support of his defense, Mickell called Gloria Joseph, the passenger purportedly in need of medical assistance. She testified that she had been initially driving the car, but suffered an asthma attack and could not find her inhaler. Joseph felt unsafe driving, so she pulled over and Mickell moved behind the steering wheel. Mickell drove because, of the other two passengers, one was drinking and the other had a suspended license. At the time they were stopped, they were on the way to a hospital to obtain medical
 
 *962
 
 assistance for Joseph, who had subsequently found and used her inhaler.
 

 Mickell argues that the trial judge abused his discretion in admitting evidence of an uncharged collateral crime — Mickell giving a false name to the trooper — because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.
 
 See
 
 § 90.403, Fla. Stat. (2008). We hold that the trial judge did not abuse his discretion in admitting the testimony. The giving of a false name was relevant to disprove the defense of necessity.
 

 Two of the elements of the defense of necessity
 
 [1]
 
 are that “the defendant reasonably believed that a danger or emergency existed that he did not intentionally cause” and that the “threatened harm” must be “real, imminent, and impending.”
 
 Turner v. State,
 
 29 So.3d 361, 364-65 (Fla. 4th DCA 2010) (quoting
 
 Driggers v. State,
 
 917 So.2d 329, 331 (Fla. 5th DCA 2005)). Three times, Mickell gave the trooper a false name, thereby extending the traffic stop by at least 20 minutes. This conduct made it unlikely both that there was a real medical emergency and that Mickell believed that one existed. The relevance of the evidence to disprove the defense was not substantially outweighed by the danger of unfair prejudice.
 

 Affirmed.
 

 WARNER, J., and FISHMAN, JANE D., Associate Judge, concur.
 

 [1]
 

 . The defense of necessity is also called duress, compulsion, or coercion.
 
 E.g., Rowley v. State,
 
 939 So.2d 298, 300 (Fla. 4th DCA 2006).