WALLACE, Judge.
Christopher Brooks challenges the judgment and sentence imposed following a jury verdict finding him guilty of felony driving under the influence (DUI) under sections 316.193(1) and 316.193(2)(b)(l), Florida Statutes (2010). We affirm Mr. Brooks’ judgment and sentence but write to discuss the trial court’s denial of his request for a jury instruction on the defense of necessity. The other issues raised by Mr. Brooks are without merit and do not warrant discussion.
At approximately 1 a.m. on October 30, 2010, a Hillsborough County sheriffs deputy clocked Mr. Brooks’ vehicle travelling at eighty-four miles per hour in a fifty-five mile per hour speed zone. The deputy watched as Mr. Brooks veered across three lanes of traffic toward a highway exit ramp. The deputy’s initial observations of Mr. Brooks, Mr. Brooks’ performance on a field sobriety test, and the results of a breathalyzer test confirmed that Mr. Brooks was intoxicated. Because this was his third DUI within a ten-year period, the State charged Mr. Brooks with felony DUI, a third-degree felony. See § 316.193(2)(b)(l). At trial, Mr. Brooks did not deny that he was driving under the influence of alcohol. Nevertheless, he argued that circumstances compelled him to take to the highway. Mr. Brooks’ defense was that his friend’s cat was sick, and Mr. Brooks was the only person available who could transport the cat to an all-night veterinary clinic for treatment.
Although Mr. Brooks’ defense is unusual, he presented some evidence to support it. He was transporting a cat, and the cat was very ill. There is a veterinary clinic near the highway exit where the deputy stopped Mr. Brooks.[1] The cat’s owner and two of his acquaintances were passengers in Mr. Brooks’ car. One of these persons was apparently giving Mr. Brooks directions to the clinic when the deputy stopped Mr. Brooks’ vehicle. While Mr. Brooks explained the unusual circumstances of his errand to the deputy, the cat’s owner pleaded, “My cat is fixing to *420 die!” In fact, the cat did die, during or shortly after the vehicle stop that resulted in Mr. Brooks’ arrest.
We review a trial court’s refusal of a requested jury instruction for abuse of discretion. Williams v. State, 34 So.3d 768, 770 (Fla. 2d DCA 2010) (citing Brown v. State, 11 So.3d 428, 432 (Fla. 2d DCA 2009)). “In criminal cases, the trial court’s discretion is limited because ‘a criminal defendant is entitled to have the jury instructed on his or her theory of defense if there is any evidence to support this theory, and so long as the theory is recognized as valid under the law of the state.’ ” Id. at 770-71 (quoting Worley v. State, 848 So.2d 491, 492 (Fla. 5th DCA 2003)).
Before examining the merits of Mr. Brooks’ appellate argument, we must first address whether a claim of necessity is available in Florida as a defense to a charge of driving under the influence of intoxicating beverages. The parties have not cited — and our independent research has not disclosed — any decisions from the Supreme Court of Florida or from the Florida district courts of appeal addressing this issue. However, there are circuit court appellate decisions on point. In Newsome v. State, 1 Fla. L. Weekly Supp. 6 (Fla. 15th Cir.Ct. July 10, 1992), New-some was charged with DUI and driving with a suspended license. The arresting officer testified that she found Newsome asleep and slumped over the wheel of his car at an intersection. The car’s engine was running, the gear shift was in drive, and Newsome’s foot was on the brake. Newsome claimed that a female companion, who was his designated driver, had abandoned him and the car in the middle of the intersection. Thus the circumstances compelled him to drive the car to remove it from the intersection.[2] New-some’s companion confirmed his account of her role in the incident. Newsome requested a jury instruction on the defense of necessity, but the county court declined to give the instruction. A jury found New-some guilty, and he appealed to the circuit court.
In the absence of any Florida authority, the circuit court reviewed opinions from other jurisdictions and concluded that the necessity defense “applies to traffic offenses including driving under the influence and driving with a suspended license.” Id. Applying the defense to the facts of Newsome’s case, the circuit court reversed Newsome’s judgment and sentence based on the county court’s denial of the requested instruction. The circuit court explained:
In the instant case, there is evidence that [Newsome] reasonably concluded an emergency situation existed. [New-some] testified he intended to drive the car off the road, because he feared a rear-end collision. The arresting officer testified this road was heavily traveled and that [Newsome’s] car was dangerously situated. There is evidence that a real and imminent possibility of being hit by another car existed and created a reasonable expectation of harm. A jury could believe that the unlawful act, driving while intoxicated, was necessary to avoid a rear-end collision.
Id.; see also Clements v. State, 18 Fla. L. Weekly Supp. 50 (Fla. 18th Cir.Ct. July 13, 2010) (holding that a defendant charged with DUI who had sought refuge from a tropical storm in his car and had gone to sleep was entitled to a jury instruction on the defense of necessity); Umana v. State, *421 11 Fla. L. Weekly Supp. 875 (Fla. 11th Cir.Ct. July 20, 2004) (affirming the conviction of a defendant who claimed that the trial court’s ruling improperly compelled him to take the stand where the trial court refused to give a necessity instruction at the close of the State’s case but granted the defense request for the instruction only after the defendant testified in his own defense); Hilton v. State, 6 Fla. L. Weekly Supp. 191 (Fla. 9th Cir.Ct. Jan. 29, 1999) (holding that a defendant charged with DUI who claimed to have been carjacked presented insufficient evidence to warrant instructing the jury on the defense of necessity). See generally David A. Demers, “Necessity,” in DUI Handbook § 1:12 (11 West’s Fla. Practice Series 2012-2013 ed.) (discussing the defense of necessity in the context of prosecutions for DUI).
Courts from several other jurisdictions have recognized the availability of the necessity defense in DUI cases. See People v. Pena, 197 Cal.Rptr. 264, 269 (1988) (holding that the defense of duress/necessity is available to a defendant charged with DUI); Toops v. State, 643 N.E.2d 387, 390 (Ind.Ct.App.1994) (holding that the defendant, who had been a passenger in an automobile, was entitled to a jury instruction on the defense of necessity where the driver suddenly abandoned the steering wheel and dove into the back seat, requiring the defendant to take control of the automobile to avoid a crash); Commonwealth v. Kendall, 451 Mass. 10, 883 N.E.2d 269, 273 (2008) (“[A]n instruction on necessity is appropriate where there is evidence that supports at least a reasonable doubt whether operating a motor vehicle while under the influence of intoxicating liquor was justified by necessity.”); Hoagland v. State, 240 P.3d 1043, 1044-45 (Nev.2010) (concluding that necessity is available as a defense to a DUI charge); State v. Romano, 355 N.J.Super. 21, 809 A.2d 158, 159 (2002) (holding that the defendant was entitled to a judgment of acquittal based on the defense of necessity where he had been attacked and beaten by several men, was bleeding, and was forced to drive away to avoid further injury at the hands of his assailants); State v. Hudgins, 167 N.C.App. 705, 606 S.E.2d 443, 447 (2005) (“[T]he defense of necessity is available in a DWI prosecution.”); State v. Olson, 79 Or.App. 302, 719 P.2d 55, 57 (1986) (stating that the defendant in a DUI prosecution was entitled to assert the choice of evils defense based on evidence that he chose to move his car out of an intersection rather than leave it in a lane of traffic); State v. Shotton, 142 Vt. 558, 458 A.2d 1105, 1106 (1983) (“The evidence presented at trial was sufficient to raise a question of fact for the jury as to whether defendant drove because it was reasonably conceived by her to have been a necessity; accordingly, an instruction on the issue should have been given upon request.”). See generally Michael J. Yaworsky, Driving While Intoxicated: “Choice of Evils” Defense that Driving Was Necessary to Protect Life or Property, 64 A.L.R.4th 298 (1988).
Of course, where it appears that reasonable alternatives to driving under the influence are available to address a claimed emergency, courts have held that the necessity defense is not available. See Kendall, 883 N.E.2d at 274 (concluding that the defendant was not entitled to an instruction on the defense of necessity where he failed to present any evidence that there were no effective legal alternatives to his decision to drive while intoxicated to abate a claimed medical emergency); Stodghill v. State, 892 So.2d 236, 239-40 (Miss.2005) (approving the trial court’s refusal to give a necessity instruction based on medical necessity because the defendant failed to establish the absence of rea *422 sonable alternatives to driving while intoxicated); State v. Farris, 778 S.W.2d 11, 13 (Mo.Ct.App.1989) (holding that the defendant was not entitled to an instruction on necessity where he failed to show the absence of legal alternatives to driving while intoxicated).
Based on a review of the authorities cited above, we conclude that the defense of necessity is available in Florida to a DUI charge. In order to be entitled to an instruction on the defense of necessity, the defendant must present evidence of five elements:
(1) [T]he defendant reasonably believed that his action was necessary to avoid an imminent threat of danger or serious bodily injury to himself or others, (2) the defendant did not intentionally or recklessly place himself in a situation in which it would be probable that he would be forced to choose the criminal conduct, (3) there existed no other adequate means to avoid the threatened harm except the criminal conduct, (4) the harm sought to be avoided was more egregious than the criminal conduct perpetrated to avoid it, and (5) the defendant ceased the criminal conduct as soon as the necessity or apparent necessity for it ended.
Reed v. State, 114 So.3d 969, 972 n. 5 (Fla. 5th DCA 2012). Having reviewed the applicable law, we turn now to the facts of Mr. Brooks’ case.
As the trial court correctly observed, the first of the five elements of the necessity defense requires that the defendant reasonably believe that his action was necessary to avoid an imminent threat of danger or serious bodily injury to himself or others. We do not interpret the phrase “or others” as applying to animals. Moreover, the words of paragraph 2 of the standard jury instruction on the defense of necessity contemplate an emergency threatening significant harm to the defendant or to “a third person.” See Fla. Std. Jury Instr. (Crim.) 3.6(k). Although Mr. Brooks’ wish to obtain treatment for the ailing feline is understandable, the elements of the defense and the plain language of the jury instruction compel us to the conclusion that a claim of necessity is not available as a defense to a DUI charge in Florida when the asserted emergency involves the threat of harm to an animal instead of a person. Cf. Mickell v. State, 41 So.3d 960, 961 (Fla. 4th DCA 2010) (noting the defendant’s invocation of the defense of necessity to a charge of driving while license revoked as a habitual offender where the defendant was transporting to the hospital a woman who was suffering from an asthma attack). Because Mr. Brooks did not present any evidence in support of the first element of the necessity defense, we need not consider the evidence as it relates to the remaining four elements.
For these reasons, the trial court did not err in refusing to instruct the jury on the defense of necessity. Accordingly, we affirm Mr. Brooks’ judgment and sentence.
Affirmed.
SILBERMAN and VILLANTI, JJ., Concur.

. The record does not establish whether the veterinary clinic was actually open for emergencies all night.

. Unfortunately, Newsome failed to clear the intersection; he fell asleep while waiting for the traffic light to change.