Following a jury trial in the Superior Court, the defendant, John T. Bangert, was convicted of rape and incest. Thereafter he filed a motion for new trial claiming that he received constitutionally ineffective assistance of counsel. The motion was denied without a hearing. This consolidated appeal from his convictions and from the denial of his motion for new trial followed.[2] We affirm.
Background. The defendant's convictions stem from the digital penetration of his incapacitated mother who was a resident in a nursing home. The defense was that the nurse who witnessed the assault had fabricated the allegations, or that she was honestly mistaken in what she thought she saw.
Discussion. a. Denial of evidentiary hearing on new trial motion. The defendant contends that it was error to deny the motion without an evidentiary hearing. We disagree. "The decision to hold an evidentiary hearing on a motion for a new trial is 'left largely to the sound discretion of the judge.' " Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015), quoting Commonwealth v. Stewart, 383 Mass. 253, 257 (1981). "Indeed, [ Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001),] encourages the denial of a motion for a new trial on the papers, without hearing, where no substantial issue is raised." Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 394 (2012). The defendant's motion was not accompanied by an affidavit from trial counsel nor did he describe his efforts to secure one. He also failed to detail the evidence to be adduced at a hearing that was not otherwise set forth in his motion and affidavit. This was inadequate to raise a substantial issue necessitating an evidentiary hearing. See Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 638-639 (2001).
b. Ineffective assistance of counsel. The defendant claims that his counsel was ineffective for (1) not requesting an instruction on justification, (2) presenting a defense of denial of the touching, and (3) not impeaching a witness on a discrete issue. The standard that the defendant must meet is a familiar one. The question is "whether there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer -- and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Mere speculation, without more, is insufficient to establish ineffective assistance of counsel. Commonwealth v. Duran, 435 Mass. 97, 103 (2001). We accord substantial deference to the motion judge who was also the trial judge. Commonwealth v. Delong, 60 Mass. App. Ct. 122, 127 (2003).
The common-law defense of necessity is only available where the danger was clear and imminent, the defendant's actions could be reasonably expected to abate the danger, there was no legal alternative to abate the danger, and the Legislature has not clearly precluded the defendant's choice. Commonwealth v. Kendall, 451 Mass. 10, 13-14 (2008), citing Commonwealth v. Hood, 389 Mass. 581, 591 (1983). A trial judge should only provide a necessity instruction where the defendant has presented evidence on each condition for the defense and there is at least a reasonable doubt whether the crime was justified by necessity. Kendall, supra at 15. Here, the defense lacked its foundation. Viewing the evidence in the light most favorable to the defendant, no view of the evidence supported such a defense. As such, trial counsel's decision not to request a necessity instruction was reasonable.
Similarly, it was not an unreasonable trial tactic to forgo a futile necessity defense. Here, defense counsel acknowledged at trial that she was pursuing an "all or nothing" strategy. She discarded a necessity defense in favor of an outright denial defense. Consistent with this strategy and after a detailed colloquy with the judge, the defendant elected not to have the jury instructed on a lesser included offense of assault and battery. "Simply because the strategy was unsuccessful does not mean it was 'manifestly unreasonable.' " Commonwealth v. Choeurn, 446 Mass. 510, 521 (2006), quoting Commonwealth v. Conceicao, 388 Mass. 255, 265 (1983).
The defendant's final claim is that trial counsel was ineffective for failing to impeach a witness's testimony on a discrete issue with a report that she wrote the night of the assault. Generally, "failure to impeach a witness does not prejudice the defendant or constitute ineffective assistance" of counsel. Commonwealth v. Hudson, 446 Mass. 709, 715 (2006), quoting Commonwealth v. Bart B., 424 Mass. 911, 916 (1999). As the judge noted, the witness's credibility was challenged "on a number of other grounds." Defense counsel also elicited evidence regarding the tense relationship between the witness and the victim's family through cross-examination as well as the failure of the witness to contact the police as a mandated reporter. The motion was properly denied.
Judgments affirmed.
Order denying motion for new trial affirmed.

On appeal the defendant only raises issues pertaining to the denial of his motion for new trial.