NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-618

COMMONWEALTH

vs.

RUBEN E. HOLGUIN, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was found guilty of breaking and entering in the nighttime with intent to commit a misdemeanor, G. L. c. 266, § 16A. On appeal, the defendant claims the judge erred in denying his motions for a required finding of not guilty because the Commonwealth failed to prove that he did not act out of necessity. We affirm.

Background. Around 1 A.M. on June 28, 2019, the defendant climbed through an open window into a Lynn residence occupied by the victim, her adult granddaughter, and her granddaughter's nine year old son. The granddaughter was trying to fall asleep when the defendant entered her room. He locked her bedroom door and told her to stay quiet and call the police because he was being chased and someone was trying to kill him. After the

granddaughter called 911 the defendant took her phone and texted "Cacito," a contact he added to the phone. He also blocked the bedroom door with chairs and told her to stay in the room because someone was downstairs or outside. Meanwhile, the victim, who was in an upstairs bedroom, had called 911 after she was awakened by someone screaming and what she believed was the sound of a chair being thrown inside her home. When police arrived, the defendant came out of the granddaughter's room. A police officer noted that the defendant was extremely sweaty, had an overwhelming odor of alcohol, was not wearing shoes, and had blood on his feet.

The defendant testified that he was socializing with a friend and an acquaintance outside his mother's house in Lynn.[1] He claimed that after a couple of hours together, his friend drove to the back of the building, where the defendant noticed "someone with a gun." He indicated that he was afraid that the man was going to kill him, so he ran. He did not explain why he did not go into his mother's apartment building, but testified that his phone battery had died so he was unable to call the police. The defendant claimed he knocked on several business doors and tried to stop a passing motorist for help. After the

---

[1] Although the defendant testified that he lived in Lawrence with his girlfriend at the time, he considered his mother's house to be his "home."

2

defendant ran one-quarter to one-half of one mile, he jumped through an open window to escape "the person with a gun." The defendant acknowledged that no shots were ever fired and he never had an actual confrontation with the man he believed was chasing him. At the time he entered the victim's home, he did not know if he was being pursued because he never looked back as he was running.

The defendant moved for a required finding of not guilty at the close of the Commonwealth's case and renewed his motion at the close of the evidence, arguing the defense of necessity. The judge denied the motions and found the defendant guilty of breaking and entering in the nighttime with intent to commit a misdemeanor.[2] The judge subsequently stated that she "did not find credible a necessity defense, just so you're clear."

Discussion. The defendant contends the judge erred in denying his motions for a required finding of not guilty because the Commonwealth failed to disprove the defense of necessity. A defendant properly raises a necessity defense only if he presents "some evidence" on each of four underlying requirements: "(1) a clear and imminent danger, not one which is debatable or speculative; (2) [a reasonable expectation that

_____

[2] The defendant was originally charged with breaking and entering in the nighttime with intent to commit a felony, G. L. c. 266, § 16. On appeal, the defendant does not challenge the sufficiency of the evidence of the lesser included offense.

his or her action] will be effective as the direct cause of abating the danger; (3) there is [no] legal alternative which will be effective in abating the danger; and (4) the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue"[3] (quotations and citations omitted). Commonwealth v. Magadini, 474 Mass. 593, 597 (2016). "In determining whether there has been sufficient evidence of the foundational conditions to the necessity defense, 'all reasonable inferences should be resolved in favor of the defendant, and, no matter how incredible his testimony, that testimony must be treated as true.'" Id. at 600, quoting Commonwealth v. Pike, 428 Mass. 393, 395 (1998). "If the defendant satisfies these foundational conditions, the burden is on the Commonwealth to prove beyond a reasonable doubt the absence of necessity" (quotation and citation omitted). Magadini, supra at 597.

Here, the defendant failed to meet his initial burden of producing evidence sufficient to raise the defense of necessity. The person with the gun never threatened the defendant nor fired the weapon. By his own admission, the defendant ran for at least ten minutes without looking back, and in any event never saw anyone chasing him. Thus, there was no evidence of a clear

---

[3] The parties agree that the Legislature has not acted to preclude the defense in the circumstances of this case.

4

and imminent danger. See Pike, 428 Mass. at 400-401 (no necessity for defendant to steal police cruiser to escape if not being attacked at time he took it); Commonwealth v. Hubbard, 69 Mass. App. Ct. 232, 238 (2007) (no imminent threat absent pursuit after fight broken up). Nor are we persuaded that any danger faced by the defendant was reasonably abated by him breaking into a residence in the middle of the night. Assuming the defendant's fears were rational, his actions served only to bring potential danger to the unsuspecting victims who lived in the home. Finally, the defendant had alternatives available short of criminal breaking and entering, including accessing his mother's apartment building, where he was staying that night. See Commonwealth v. Morris M., 70 Mass. App. Ct. 688, 697 (2007) (juvenile who did not "exit[] the Jeep and run the short distance to his house to seek help" had not pursued legal alternatives to abate danger). In sum, we conclude that the judge did not commit error by denying the defendant's motions for a required finding where the defendant failed to show that the harm sought to be avoided exceeded the harm resulting from the crime committed. See Commonwealth v. Kendall, 451 Mass. 10, 13-14 (2008).

Even assuming the defendant met his burden and raised a necessity defense, we are satisfied that there was no error in the judge's denial of the defendant's motions for a required

finding or in her guilty verdict.  In a jury-waived trial, it is presumed that the judge correctly instructs herself on the law. See Commonwealth v. Ortiz, 431 Mass. 134, 141 (2000).  More specifically, "[a] trial judge sitting without a jury is presumed, absent contrary indication, to have correctly instructed [herself] as to the manner in which evidence was to be considered in [her] role as factfinder."  Commonwealth v. Batista, 53 Mass. App. Ct. 642, 648 (2002).  Whether taking the evidence in the light most favorable to the Commonwealth at the required finding stage or as the ultimate factfinder, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the trial judge is "not required to believe the defendant's trial testimony."  Batista, supra.  Here, the judge exercised her prerogative to assess the defendant's testimony and found his necessity defense lacked credibility.  We are satisfied that her conclusion fell within her role as the finder of fact, and thus was not error.

Judgment affirmed.

By the Court (Meade, Blake &
  Brennan, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  June 23, 2023.

---

[4] The panelists are listed in order of seniority.

6