DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

JOSE ALBERTO QUEZADA VELOZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0726
_____

July 2, 2025

Appeal from the County Court for Hillsborough County; Margaret R.
Taylor, Judge.

Blair Allen, Public Defender, and Matthew J. Salvia, Assistant Public
Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Angela H.
Fernandez, Assistant Attorney General, Tampa, for Appellee.

VILLANTI, Judge.

Jose Alberto Quezada Veloz appeals his conviction and sentence for
driving without a license. We have jurisdiction. Fla. R. App. P.
9.030(b)(1)(A).

The only issue on appeal is whether the trial court erred in refusing
Mr. Quezada's request for the jury to be charged with Florida Standard
Jury Instruction (Criminal) 3.6(k), Duress or Necessity. Because Mr.
Quezada presented evidence in support of the defense of necessity, the

court's refusal to give the instruction was in error, and we vacate the judgment and sentence and remand for a new trial.

## Background

Mr. Quezada was charged with driving without a valid license, convicted after jury trial, and sentenced to sixty days in county jail.

At trial, Mr. Quezada testified that he was a passenger in the vehicle his wife was driving when the vehicle began to overheat. He testified that he told her to immediately stop driving the car to avoid permanent damage and that she did so.

Mr. Quezada testified that the overheated car was stopped in an intersection impeding traffic and was likely to cause an accident if left there. Mr. Quezada testified that when the tow company initially indicated there would be a delay in recovering the car, he told his wife to get a ride home, which she did. He testified that upon subsequently learning of an additional delay from the towing company, he felt the need to move the car "because the tow truck was taking a little longer and another person could, you know, get into an accident or hit from behind or get into an accident and it was at an intersection and it was already nighttime and the tow truck told me to park it." He testified that he was only going to drive the car to park it in a public lot when he was stopped by law enforcement. The arresting officer testified that he followed Mr. Quezada for "three or four blocks" before pulling Mr. Quezada over.

Counsel for Mr. Quezada asked the trial court to charge the jury with Florida Standard Jury Instruction 3.6(k), Duress or Necessity, and argued that the instruction was appropriate "based on the testimony of Mr. Quezada that it was his reasonable belief that it was necessary to avoid imminent threat of death or serious bodily injury."

2

The State opposed the instruction and argued that Mr. Quezada had not used the words "emergency" or "danger" during his testimony.

In initially denying the defense request for the instruction, the court found there was "no testimony regarding any emergency and in fact, the testimony, I believe, was that the wife was driving until she went home in an Uber."  After further argument, the trial court stood by its ruling: "[B]ased upon the rebuttal testimony that the car was able to be driven for three or four blocks in downtown Tampa, I'm going to deny the instruction."  Counsel for Mr. Quezada argued that because the defense had presented some evidence in support of the instruction, Mr. Quezada was entitled to the instruction, and that the viability of Mr. Quezada's defense was an issue of fact for the jury to decide.  The trial court ruled that the instruction would not be given because it didn't "believe that the defendant reasonably believed that there was an emergency based on the testimony."

**The Law**

A trial court's decision to give or withhold a requested jury instruction is reviewed for abuse of discretion.  *Worley v. State*, 848 So. 2d 491, 491 (Fla. 5th DCA 2003).  The trial court's discretion is limited in criminal cases "because 'a criminal defendant is entitled to have the jury instructed on his or her theory of defense if there is any evidence to support this theory, and so long as the theory is recognized as valid under the law of the state.' "  *Williams v. State*, 34 So. 3d 768, 770-71 (Fla. 2d DCA 2010) (quoting *Worley*, 848 So. 2d at 492); *see also Brooks v. State*, 122 So. 3d 418, 420 (Fla. 2d DCA 2013).

"A defendant 'is entitled to a jury instruction on his theory of the case if there is *any* evidence to support it,' no matter how flimsy that evidence might be."  *Wright v. State*, 705 So. 2d 102, 104 (Fla. 4th DCA

3

1998) (quoting *Garramone v. State*, 636 So. 2d 869, 870 (Fla. 4th DCA 1994)). "It is not necessary that the defendant convince the trial judge of the merits of the . . . defense because the trial judge may not weigh the evidence before him in determining whether the instruction is appropriate; it is enough if the defense is *suggested* by the evidence presented." *Terwilliger v. State*, 535 So. 2d 346, 347 (Fla. 1st DCA 1988) (citing *Pope v. State*, 458 So. 2d 327 (Fla. 1st DCA 1984)). "However disdainfully the trial [j]udge may have felt about the merits of such defense from a factual standpoint . . . is beside the point. It was for the jury and the jury alone to pass upon it as a recognized defense to a criminal charge." *Koontz v. State*, 204 So. 2d 224, 227 (Fla. 2d DCA 1967). "A trial court's failure to give a requested instruction constitutes reversible error if: (1) the requested instruction accurately states the law; (2) the facts of the case support the instruction; and (3) the instruction is necessary to allow the jury to properly resolve all issues in the case." *Elder v. State*, 296 So. 3d 440, 444 (Fla. 4th DCA 2020) (citing *Campbell v. State*, 812 So. 2d 540, 544 (Fla. 4th DCA 2002)).

This court has held that the failure to give a correct instruction on a defendant's sole defense denies the defendant a fair trial. *Talley v. State*, 106 So. 3d 1015, 1018 (Fla. 2d DCA 2013). The Fifth District has held that harmful error occurs where a trial court fails to instruct on the defense of duress because, in part, the jury is given no opportunity to weigh the elements of the defense. *Stannard v. State*, 113 So. 3d 929, 933 (Fla. 5th DCA 2013).

### Analysis

On appeal, Mr. Quezada maintains his argument from trial that the testimony and law supported giving the necessity instruction and that it was for the jury to decide whether the defense applied. The State argues

in part that the trial court considered all the evidence presented by Mr. Quezada and found his testimony was insufficient to show he reasonably believed that a danger or emergency existed.

Mr. Quezada testified the overheated car was in an intersection, impeding traffic and likely to cause an accident if left there. He testified that he felt he had to move the car "because the tow truck was taking a little longer and another person could, you know, get into an accident or hit from behind or get into an accident and it was at an intersection and it was already nighttime and the tow truck told me to park it." Mr. Quezada testified he had driven "about 3 minutes" to find "a public parking lot" when he was stopped by law enforcement.

This unobjected-to testimony constituted competent substantial evidence that Mr. Quezada reasonably believed a danger or emergency existed that would cause death or serious bodily harm to himself or another if he did not move the vehicle out of the roadway.

On this record, it was for the jury—not the trial court—to decide whether Mr. Quezada reasonably believed that a danger existed. "The trial court should examine the evidence in the light most favorable to the defendant to decide whether the necessary elements of the defense have been placed before the jury." *Stannard*, 113 So. 3d at 932 (citing *Mickel v. State,* 929 So. 2d 1192, 1196 (Fla. 4th DCA 2006)). The trial court's reasons for withholding the instruction reflect that the trial court was impermissibly considering the weight of the evidence before the court.

Because Standard Jury Instruction (Criminal) 3.6(k) accurately states the law, Mr. Quezada's unobjected-to testimony supported the instruction, and the instruction was necessary to allow the jury to consider Mr. Quezada's defense, the trial court's refusal to give the instruction was in error and the error was not harmless. *See Talley*, 106

So. 3d 1018; *Brooks,* 122 So. 3d at 420; *Elder,* 296 So. 3d at 444. "It was for the jury and the jury alone" to decide whether necessity constituted a defense to the crime charged. *Koontz,* 204 So. 2d at 227.

Accordingly, the trial court abused its discretion, and we vacate the judgment and sentence and remand for a new trial.

Reversed and remanded.

KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.